# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  53419-3-II |
| Respondent, | |
| v. | |
| S.R.G., | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, A.C.J. — SRG was found guilty of possession of 40 grams or less of marijuana while under the age of 21.  SRG appeals her order on adjudication and disposition.

We hold that the school officials' search of SRG's bags was justified at its inception, reasonably related in scope, and reasonable under all of the circumstances.  Consequently, we affirm SRG's order on adjudication and disposition.

### FACTS

On January 30, 2019, a student reported to Shaun Campbell, a teacher at Castle Rock High School, that another student, SRG, was in possession of and had been observed using a vape pen. Being in possession of or using vape products on school grounds violated school policy.  Campbell escorted SRG to the office of Principal Ryan Greene.  When Campbell and Greene asked SRG if she had anything in her bags that violated school policy, SRG responded that she had "vape juice" in her bag.  Clerk's Papers (CP) at 63; Ex. 2.  SRG "started to dig in her bag," and as she did, Greene told her that he and Campbell were "going to search all of her bags."  Ex. 2.  SRG did not

say or do anything further. During the search, Campbell discovered marijuana, a vape pen, vape juice, cigarettes, and a glass pipe in one of SRG's bags. After discovering the contraband, Greene called law enforcement. The State charged SRG with possession of 40 grams or less of marijuana while under the age of 21. SRG moved to suppress the evidence from the search.

At the hearing, the juvenile court found it reliable that another student identified SRG by name possessing and using and a vape pen. The court concluded that the school officials had reasonable suspicion to believe that SRG, who had been seen using a vape pen and said she had vape juice in her bag, likely still had the vape products in the bags with her. School policy prohibited students from possessing or using these products. The court also found that the use of a vape pen, vape juice, and cigarettes is a problem in schools. Thus, the court concluded that it was reasonable under all of these circumstances for the school officials to search the bags SRG had with her. The court found that the search was limited in scope because SRG said she had vape juice and the school officials searched only the bags she had with her in the office. The court determined that not to search SRG's bags may have resulted in the vape juice being destroyed or disposed of and the intrusion of the search was outweighed by the school's interest in maintaining order and discipline. Thus, the court denied the motion to suppress.

The parties agreed to a stipulated bench trial. The State admitted three exhibits: a statement by Campbell, a statement by Greene, and the police report. Based on the statements and police report, the court found SRG guilty beyond a reasonable doubt of possession of 40 grams or less of marijuana. SRG appeals.

ANALYSIS

SRG argues that the juvenile court erred when it concluded that the search was justified at its inception, the search of her bags was reasonably related in scope, and the search was reasonable under all of the circumstances. We hold that the search was justified from its inception, the search of her bags was reasonably related in scope, and the search was reasonable under all of the circumstances. Thus, we hold that the juvenile court did not err by denying SRG's motion to suppress. We affirm the order on adjudication and disposition.

## I. STANDARD OF REVIEW

"In reviewing the denial of a motion to suppress, we review the [juvenile] court's conclusions of law de novo and its findings of fact used to support those conclusions for substantial evidence." *State v. Fuentes*, 183 Wn.2d 149, 157, 352 P.3d 152 (2015). However, "we will review only those facts to which error has been assigned." *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). If the defendant does not challenge the findings of fact, then we consider them verities on appeal. *State v. Bliss*, 153 Wn. App. 197, 203, 222 P.3d 107 (2009). We review conclusions of law from an order denying a motion to suppress de novo. *State v. Mecham*, 186 Wn.2d 128, 137, 380 P.3d 414 (2016).

## II. THE SCHOOL SEARCH EXCEPTION

School authorities may conduct a warrantless search of a student without probable cause if the search is "reasonable under all the circumstances." *State v. A.S.*, 6 Wn. App. 2d 264, 268, 430 P.3d 703 (2018). "'A search is reasonable if it is: (1) justified at its inception; and (2) reasonably related in scope to the circumstances that justified the interference in the first place.'" *A.S.*, 6 Wn. App. 2d at 268 (quoting *State v. B.A.S.*, 103 Wn. App. 549, 553, 13 P.3d 244 (2000) (citing *New*

*Jersey v. T.L.O.*, 469 U.S. 325, 341, 105 S. Ct. 733, 83 L. Ed. 2d 720 (1985))). "'Under ordinary circumstances, a search of a student by a teacher or other school official will be justified at its inception when there are reasonable grounds for suspecting that the search will turn up evidence that the student has violated or is violating either the law or the rules of the school.'" *A.S.*, 6 Wn. App. 2d at 268 (internal quotation marks omitted) (quoting *T.L.O.*, 469 U.S. at 341-42).

Washington courts consider the *McKinnon*[1] factors as relevant in determining whether school officials had reasonable grounds under all of the circumstances for conducting a warrantless search:

> "[T]he child's age, history, and school record, the prevalence and seriousness of the problem in the school to which the search was directed, the exigency to make the search without delay, and the probative value and reliability of the information used as a justification for the search."

*State v. Brooks*, 43 Wn. App. 560, 567-68, 718 P.2d 837 (1986) (quoting *McKinnon*, 88 Wn.2d at 81). Although "all the factors need not be found, their total absence will render the search unconstitutional." *Brooks*, 43 Wn. App. at 568. The reasonableness of a school search is based on the totality of the circumstances. *See Brooks*, 43 Wn. App. at 568.

### III. WARRANTLESS SEARCH OF SRG'S BAGS

#### A. THE SEARCH WAS JUSTIFIED AT ITS INCEPTION

SRG argues that the search of her bags was not justified at its inception because school officials lacked "reasonable suspicion." Br. of Appellant at 12. We hold that the school officials had reasonable suspicion to search SRG's bags.

---

[1] *State v. McKinnon*, 88 Wn.2d 75, 558 P. 2d 781 (1977).

As discussed above, school authorities may conduct a warrantless search of a student without probable cause if the search is "reasonable under all the circumstances." *A.S.*, 6 Wn. App. 2d at 268. Courts use the *McKinnon* factors to determine reasonableness. *A.S.*, 6 Wn. App. 2d at 269.

Here, another high school student at the school reported to a teacher that SRG was in possession of and using vape juice. Based on that report, the school officials called SRG into the principal's office. The school officials asked SRG whether she had anything that was prohibited by school policy. SRG admitted that she had vape juice in the bags she had with her. Thus, we hold that the search of SRG's bags was justified at its inception.

B. THE SEARCH DID NOT EXCEED THE SCOPE

SRG argues that the school officials exceeded the scope of the search given the infraction under investigation. We hold that the school officials did not exceed the permissible scope of the search when they searched all of SRG's bags.

For a school official to have reasonable grounds for a warrantless search of a student, "[t]here must be a nexus between the item sought and the infraction under investigation." *B.A.S.*, 103 Wn. App. at 554. SRG claims that the school officials exceeded the scope of the alleged infraction when they searched all of her bags. Based on her statement, SRG argues that the school officials at most had reason to believe that she had vape juice, a prohibited item. She argues that she was "getting this item out of her bag to hand over to school officials" but was stopped by school officials. Br. of Appellant at 19.

The police report states that "SRC said there was vap[e] juice in her bag.  She started to dig in her bag and [the school officials] told her that [they] were going to search all of her bags.  When Mr. Campbell was searching her bag, he found the pipe, the marijuana, 2 cigarettes, and vap[e] pen."  Ex. 3 at 5.  Unlike in *A.S.*, where there was no direct nexus and the school officials there had no reason to believe the student was selling drugs to other students, here, the school officials had a report by another student who had seen SRG possessing and using a vape pen which was prohibited.  *A.S.*, 6 Wn. App. 2d at 268-69.  It was reasonable for school officials to believe that SRG, a 15 year old student, who had been seen by another student using a vape pen and who stated that she had vape juice would still have the vape juice and vape products in her bags.  It was reasonable for the school officials to search all of the bags that SRG had in the office.  There was a direct nexus between the item sought, the vape juice and vape products, and the infraction under investigation, possessing and using vape products at school.[2]  The school officials had reasonable suspicion to search the bags SRG carried with her into the office to discover evidence of the school policy violation.  The search in this case was reasonably related in scope to the circumstances that justified the intrusion in the first place.

---

[2] SRG also argues that the court's finding that the "[u]se of vape pens/juice cigarettes, [sic] are a problem in schools" is not supported by substantial evidence.  Br. of Appellant at 13 (quoting CP at 63.  The record indicates that the school officials asked SRG in the principal's office whether she had anything that was prohibited.  It is reasonable to infer by this question and SRG's response, that vaping products are prohibited by school policy.  That is why the school officials called law enforcement to investigate.  We agree that there is no evidence in the record that demonstrates how significant this issue was at SRG's high school.  Even if there is not substantial evidence to support this finding alone, the search was still justified at its inception and reasonable under all the circumstances.

No. 53419-3-II

We hold that the juvenile court did not err by concluding that the scope of the search was not exceeded.

CONCLUSION

We hold that the school officials' search of SRG's bags was justified at its inception, reasonably related in scope, and reasonable under all of the circumstances. Consequently, we affirm SRG's order on adjudication and disposition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

WORSWICK

MAXA, J.